JOSEPH P. EVANS, Grand Master of United Grand
Lodge,

*vs.*

DANIEL BROWN et al.

*Masonic lodges: arbitrary expulsion; intervention of courts.*

A Court of Equity will enjoin the explusion of a member of
a lodge against whom charges have been preferred to the Grand
Lodge, when no sufficient opportunity was afforded said member
to meet and defend said charges, and where it does not appear
that any appeal from such action of the Grand Lodge is pro-
vided by the constitution and by-laws of the association, or any
further remedy or redress furnished by it.              pp. 521, 522

*Decided June 24th, 1919.*

Appeal from the Circuit Court of Anne Arundel County.
(Thomas, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Pattison, Urner and Stockbridge, JJ.

*W. Ashbie Hawkins* (with whom was *Hawkins & Mc-Mechen* on the brief), for the appellants.

*James M. Munroe,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appellees in this case were, by the Grand Lodge of Free and Accepted Masons of Maryland at its session, held at the City of Hagerstown, State of Maryland, on the 17th and 18th of August, 1914, suspended from membership in Universal Lodge, Number Fourteen, a subordinate lodge of Annapolis, Maryland, and deprived of their general Masonic rights for a period of six months, upon the charge of disclosing the secrets of Masonry in the testimony given by them in the case of *Henry Valentine* v. *Universal Lodge Number Fourteen,* Joseph P. Evans, Grand Master, and the Grand Lodge of Free and Accepted Masons of Maryland, heard in the Equity Court for Anne Arundel County, Maryland, from which an appeal was taken and a decision rendered in this Court at its April Term, 1919, in the case of *Universal Lodge Number Fourteen, Joseph P. Evans, Grand Master and the Grand Lodge of Free and Accepted Masons of Maryland* v. *Henry Valentine.*

The appellees in their amended bill, filed in the Circuit Court for Anne Arundel County, sitting as a Court of Equity, asked that the action of the Grand Lodge in suspending them be declared null and void, and that the defendant corporations and Joseph P. Evans, Grand Master, be enjoined and restrained from interfering with them, in the exercise of their rights as members of the subordinate lodge. The bill alleges, among other things, that certain of the plaintiffs "were not present at the aforesaid session of the * * * Grand Lodge, * * * had no notice whatever that any charges would be preferred against them, and had no opportunity to appear at said session and make defense of said charges;" while it alleges others were present at said session of the Grand Lodge, "but had no knowledge nor notice of any description whatever,

prior to arriving there, that any charges were to be preferred against them; that the session of the * * * Grand Lodge as aforesaid was convened at 12 o'clock on the 17th day of August, * * * and among the first things ordered by the said Joseph P. Evans, Grand Master, * * * was the appointment of a commission and the preferring of charges against them, with directions to the said commission to report their findings to the * * * Grand Lodge at 2:30 o'clock of the same afternoon; that the commission assembled at 1 o'clock P. M. on the 17th day of August, aforesaid," at which time, such of the plaintiffs as were present in Hagerstown, "appeared before them; that they protested against the hearing of any charges against them, on the ground that the charges had just been preferred; that no copy of said charges had been served upon them; that they had not been afforded opportunity to consult counsel and prepare their defense," as provided by the constitution of the Grand Lodge; "that notwithstanding their earnest protests, the said commission proceeded to hear said charges," and after hearing the same and reporting their investigation to the lodge, the plaintiffs were suspended for the period named.

Each and all of the plaintiffs in the bill averred that they appeared as witnesses before the examiner of the Circuit Court for Anne Arundel County, sitting as a Court of Equity, in the case above mentioned, in obedience to the writs of subpoena commanding them to appear and testify, but each and all of them allege that they did not, in giving their testimony at such time, disclose any of the secrets of Masonry, "and that the said Joseph P. Evans, Grand Master, well knew, when he preferred said charges, that no such secrets were so disclosed."

It was conclusively shown by the evidence taken in the case that the plaintiffs had no notice that charges would be preferred against them by the Grand Lodge or its officers at the meeting to be held in August, 1914, at Hagerstown, and only a few of the plaintiffs were present at that meeting, and no sufficient opportunity was afforded any of them to meet and

defend the charges preferred against them; and as it does not appear from the record that any appeal from such action of the Grand Lodge is provided by the constitution and by-laws of the association, or any further remedy or redress furnished by it for the alleged wrong inflicted upon the appellees, the decree of the Court below, continuing the injunction, previously issued in the case, enjoining and restraining the defendants from interfering with the plaintiffs and each of them in the exercise of their rights and privileges as members of said lodge, was properly passed, for the reaons fully stated in the case of *Universal Lodge Number Fourteen et al.* v. *Henry Valentine,* above referred to.

The order or decree of the Court will, therefore, be affirmed.

*Order and decree affirmed, with costs.*